IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

        Plaintiff,                      No. CIV S- 08-0084 GEB GGH P

      vs.

A. HALL, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. By Order filed on April 28, 2008, the court ordered plaintiff to show cause why he should not be barred, pursuant to 28 U.S.C. § 1915(g), from proceeding in this action, or, in the alternative, to submit the entire filing fee of $350.00, within twenty days of the date of this order.

       In that order, the court stated as follows:

> 28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,
>
> > [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in

>any facility, brought an action or appeal in a court of
>the United States that was dismissed on the grounds
>that it is frivolous, malicious, or fails to state a
>claim upon which relief may be granted, unless the
>prisoner is under imminent danger of serious
>physical injury.

28 U.S.C. § 1915(g).

The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999). Court records, of which this court takes judicial notice,[1] indicate that plaintiff has filed no less than three civil rights actions which were dismissed for failure to state a claim prior to the filing of this complaint, on January 14, 2008. See, Brownlee v. Barnett, CIV S-00-2666 LKK JFM P, dismissed for failure to state a claim upon which relief may be granted,[2] on August 7, 2001; Brownlee v. Stocker, CIV S-04-0623 MCE DAD P, dismissed for failure to state a cognizable claim for relief, on June 1, 2006[3]; Brownlee v. Van Court, CIV S-06-2804 GEB GGH P, dismissed with prejudice for failure to state claim, on December 11, 2007.

"Under the PLRA,[4] prisoners who have three complaints dismissed under section 1915(e)(2) are barred from filing additional in forma pauperis complaints unless they are 'under imminent danger of serious physical injury.'" 28 U.S.C. § 1915(g). Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

The instant complaint consists entirely of plaintiff's allegations regarding the processing of his legal mail at the prison, the gravamen of which involves "issues with the legal mail of his going out and coming in being open." Complaint, p. 6. Plaintiff

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] The dismissal order specifically referenced 28 U.S.C. § 1915(A).

[3] The dismissal was affirmed on appeal. See Docket Entry # 23, in Case No. CIV S-04-0623, filed on February 28, 2008.

[4] Prison Litigation Reform Act of 1995 (PLRA), effective April 26, 1996.

1 | seeks unspecified money damages only.  Nothing about the
2 | allegations comes close to demonstrating that he was remotely "under imminent danger" at the time of filing the complaint.

See Order, filed on April 28, 2008.

In his May 12, 2008, response, plaintiff asserts that he has been "under imminent danger of serious physical injury" since he filed Case No.  CIV-02-214 MCE GGH P.  Plaintiff avers that since filing that action, he has filed a number of others, which contend that he has been denied medical treatment, has been denied access to the courts, has been moved from prison to prison, has had his legal documents lost and has been subjected to delays in the filing court documents.  Response, pp. 1-2.

This response is simply inadequate.  Plaintiff cannot piggyback a litany of complaints, contending they are all somehow at least tangentially related to an earlier civil rights action and hope to thereby evade the requirement that he, as a § 1915(g) three-strikes litigant, must demonstrate within the context of this separate complaint that he is somehow thereby "under imminent danger."  The entirety of this complaint rests on his allegation that on 6/21/07, he sent out legal mail, that he discovered, on 6/22/07, was not mailed but placed in a bag in front of his door.  The mail had been opened and some documents were missing.  He filed administrative appeals and claims that he was adversely impacted with respect to his confinement, without identifying how, by the missing documents not getting to court and that he has on other unspecified occasions had his outgoing legal mail returned to him opened.  Complaint, pp.  4-6.

Plaintiff has failed to meet his burden to show that at the time of filing this complaint, he was ""under imminent danger of serious physical injury."  <u>Andrews v. Cervantes</u>, 493 F.3d at 1052-53.  The court finds that plaintiff should not be permitted to proceed pursuant to the "imminent danger" exception of 28 U.S.C. § 1915(g).  Plaintiff has not provided the $350.00 filing fee.

\\\\\

1       Accordingly, IT IS RECOMMENDED that the complaint be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  06/24/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
brow0084.fr

4